UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ONE SANDISK 64GB IMAGEMATE MEMORY CARD, SERIAL NUMBER 1186AXD2143M, CURRENTLY LOCATED AT 85 HAMMOND STREET, BANGOR, MAINE | No. 1:24-mj-00058-JCN<br><br>**FILED UNDER SEAL** |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

### Filed Under Seal Pursuant to Local Rule 157.6(a)

I, Daniel Zaehringer, being duly sworn, depose and state as follows in support of a search warrant sought pursuant to Federal Rule of Criminal Procedure 41, Title 18, United States Code, Section 3103a, and Title 21, United States Code, Section 879:

### INTRODUCTION

1. I am a Special Agent with the U.S. Department of Homeland Security ("DHS"), Homeland Security Investigations ("HSI"), assigned to the Office of the Resident Agent in Charge in Bangor, Maine. I have been employed by HSI since January 2010. Before that time, I served as a U.S. Customs and Border Protection Officer and a U.S. Border Patrol Agent. As an HSI Special Agent, I am authorized to investigate violations of the laws of the United States, and I have been involved with numerous criminal investigations involving violations of federal law, including those involving drug trafficking and related financial crimes. I am a law enforcement officer with authority to execute arrest and search warrants under the authority of the United States.

2. As an HSI Special Agent, I have participated in numerous arrest and seizure warrants involving a variety of offenses, including violations pertaining to drug and financial crimes investigations. I have also drafted and executed numerous warrants for residences, cellular devices, and online accounts to search for and seize physical and

digital evidence. Specific to digital evidence, based on my training and experience, I am familiar with how drug trafficking enterprises and individuals associated with them utilize residences, media, and on-line accounts in furtherance of such operations, including through the use of personal home surveillance equipment.

2. This affidavit is submitted in support of an application for a search warrant to search one SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M, that is stored in a secure evidence locker at the Penobscot County Sheriff's Office, 85 Hammond Street, Bangor, Maine. I make this affidavit in support of an application for a search warrant authorizing the examination of such property as described in **Attachment A** and the extraction from that property and forensic examination of electronically stored information as described in **Attachment B**.

3. The SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M, was located, identified, and seized by Penobscot County Sheriff's Office ("PCSO") personnel during their execution of a lawfully issued state court search warrant on the premises of 9 St. Albans Road, Corinna, Maine, on February 9, 2024. Therefore, while the PCSO might already have all necessary authority to examine the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M, I seek this additional warrant out of an abundance of caution to be certain that an examination of the same will comply with the Fourth Amendment and other applicable laws.

4. I assisted the PCSO in a support capacity in connection with its execution of the search warrant at 9 St. Albans Road in Corinna. Following the PCSO's execution of the search warrant, I temporarily took custody of the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M, in order to take photographs of the same, copies of which are reproduced below:



The SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M, was found by the PCSO in a digital camera which was powered off during the search warrant but appeared to have been active prior to the search warrant being executed, based on the location and condition of the device. I have since returned the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M, to the PCSO's custody, where it is currently secured in an evidence locker at 85 Hammond Street, Bangor, Maine. In my training and experience, I know that the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M, has therefore been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when it first came into the possession of the PCSO.

5. The instant search warrant is sought for evidence, contraband, property, and fruits and instrumentalities of violations of Title 21, United States Code, Section 856 (Drug-Involved Premises) and Title 18, United States Code, Sections 1956-57 (Money Laundering). The applied-for warrant would authorize the search and seizure of information, including video content, from the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M. The facts set forth in this affidavit are based on

my personal knowledge, information obtained during my participation in this investigation, information from others, including law enforcement officers, my review of documents and records related to this investigation, and information gained through my training and experience, all of which I believe to be reliable. Therefore, I submit that probable cause exists to search the information described in **Attachment A** for evidence further described in **Attachment B**. My affidavit is intended to provide the facts necessary for a determination of probable cause for the requested search warrant.

6. The information sought to be searched and seized concerns **the relevant time frame of March 12, 2021 through February 9, 2024**.

## PROBABLE CAUSE

7. HSI, in coordination with the Federal Bureau of Investigation ("FBI") and Drug Enforcement Administration ("DEA"), is investigating individuals, entities, and premises involved in a suspected large-scale coordinated series of illegal marijuana grows involving approximately 180 properties in the state of Maine, primarily located throughout Somerset, Kennebec, Piscataquis, and Penobscot Counties. The drug-involved premises at issue are believed to operate in violation of 21 U.S.C. § 856(a), in addition to illegally cultivating for distribution marijuana in violation of 21 U.S.C. § 841(a)(1). All such premises under investigation have been confirmed by the Maine Office of Cannabis Policy as lacking any licensed status under which marijuana could be legally cultivated under state law. Associated individuals are suspected of conducting domestic money laundering transactions in violation of 18 U.S.C. § 1956(a)(1), sourced by and through proceeds derived from the specified unlawful activity of illegal marijuana cultivation, and relatedly, conducting monetary transactions in criminally derived property in amounts greater than $10,000 in violation of 18 U.S.C. § 1957.

8. Among the premises suspected by HSI, FBI, and DEA of maintaining illegal marijuana grows, the investigation identified a residential property located at 9 St. Albans Road, Corinna.

9. The DEA issued administrative subpoenas to Central Maine Power ("CMP") seeking electrical usage and billing data for 9 St. Albans Road, Corinna. Information returned by CMP showed that the property had one account with CMP, with the following usage and billing information for January 2024:

| Street Address | Acct. # | Acct. Holder | KWH | Billed |
|---|---|---|---|---|
| Corinna, 9 St. Albans Rd. | 30013113045 | QIAOBIN YANG | 40,887 | $9,796.12 |

Information returned by CMP showed the following usage and billing information for December 2023:

| Street Address | Acct. # | Acct. Holder | KWH | Billed |
|---|---|---|---|---|
| Corinna, 9 St. Albans Rd. | 30013113045 | QIAOBIN YANG | 36,855 | $9,482.09 |

Information returned by CMP showed the following usage and billing information for November 2023:

| Street Address | Acct. # | Acct. Holder | KWH | Billed |
|---|---|---|---|---|
| Corinna, 9 St. Albans Rd. | 30013113045 | QIAOBIN YANG | 38,480 | $9,899.40 |

I know based on my training and experience that large amounts of electrical power are needed in support of indoor marijuana cultivation, due to the use of artificial lighting, heat pumps, distribution fans, air conditioners and humidifiers. The electrical consumption at 9 St. Albans Road, Corinna, is consistent with large-scale illegal marijuana cultivation.

11. I have further reviewed publicly available real property records concerning the acquisition and ownership of 9 St. Albans Road, Corinna.

12. The warranty deed for the property recorded with the Penobscot County Register of Deeds shows that on March 12, 2021, the real property located at 9 St. Albans Road, Corinna, was granted to 336 Apex Inc., a Maine corporation. 336 Apex, Inc., was incorporated in November 2020 but administratively dissolved in August 2021. 336 Apex, Inc. bought the property from HUD for $140,000. Maine corporate records show that the President, Treasurer, Clerk, and sole Director of 336 Apex, Inc. was WEN HUI LI, despite the CMP account holder having a different identity (QIAOBIN YANG).

13. In connection with the federal investigation, I have worked in collaboration with state and local law enforcement, including the PCSO. Through my communications with state and local law enforcement, I learned that the PCSO was investigating illegal marijuana cultivation at 9 St. Albans Road, Corinna.

14. Specifically, I have spoken with and reviewed the written reports of PCSO Detective Sergeant Dayerrick Ireland, and reference here Detective Sergeant Ireland's information and reports.

    a. On November 6, 2023, PCSO personnel met with the Corinna Town Manager, whose offices lie directly across the street from 9 St. Albans Road, Corinna. The Corinna Town Manager explained that on several occasions she could smell the strong odor of marijuana from the residence. As far back a November 2021, the Corinna Town Manager had observed a minivan being backed into the

     garage door of the residence and saw a man wearing a hazmat suit loading boxes into the minivan.

  b. The Corinna Town Manager in November 2023 also observed heat pumps on the residence and that the windows were all blacked out. I, too, have observed the same.

  c. Detective Sergeant Ireland personally walked the perimeter of 9 St. Albans Road, Corinna, as the Town of Corinna owns the adjoining properties surrounding 9 St. Albans Road, Corinna. He could smell the overpowering scent of marijuana, as well.

15. On February 2, 2024, Detective Sergeant Ireland secured a state search warrant for 9 St. Albans Road, Corinna. The state search warrant, among other items, authorized the search and seizure of evidence demonstrating the identity, possession, dominion, custody or control by any and all individuals on or in the premises.

16. I attended the execution of the search warrant by the PCSO and other state and local law enforcement on February 9, 2024, in a support capacity.

17. As a result of the search warrant executed by the PCSO at 9 St. Albans Road, Corinna, a total of approximately 3,770 marijuana plants were discovered, found in nine (9) separate rooms within the residence. The plants were being cultivated with grow lamps and extensive watering systems using nutrient rich water sources from chemically enhanced tubs located throughout the house. The plants themselves were elevated about a foot off the ground on a false flooring to accommodate for the watering system. Each grow room's temperature and humidity levels were being regulated by ventilators, humidifiers and dehumidifiers. An extensive network of electrical wiring was exposed throughout the house to accommodate the power needs of each room. The

PCSO seized approximately 12 samples from the various grow rooms. PCSO did not perform a presumptive field test at that time, but based on my own experience, the plants seized smelled and appeared to be marijuana.

18. During the execution of the search warrant on February 9, 2024, PCSO personnel photographed a digital camera device, as reproduced below:



As previously detailed, the device was not powered on or plugged in. However, it appeared to be in relatively good condition and did not appear to be damaged. Based on the location and condition of the device, it further appeared that the device had been present and in use elsewhere inside the premises at 9 St. Albans Road, Corinna. For example, it was found disconnected and present on a counter-top, but although the countertop was filthy and covered in debris, the device itself was not covered in debris or dust to the same degree, which to me suggested that the device had recently been placed there.

19. Based on my training and experience, I recognize the device to be a digital camera, which is a camera that records pictures or video files, rather than by using

photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded video and images. Video and images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives, as well as memory cards. This storage media can contain any digital data, including data unrelated to photographs or videos.

20. The PCSO, after examining the device, found that it contained such removable storage media, specifically, the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M, and seized the same. Based on my training and experience, as well as research I performed by consulting open source-based Internet research, I believe that the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M came from an Amcrest 4MP Indoor Security WiFi Camera Pan/Tilt 90° FOV White IP4M-1041W, as shown by the following link, https://amcrest.com/4mp-wifi-camera-pan-tilt-ip4m-1041w.html, and screenshot:



I know that such device, based on its product description, has capabilities that allow it to serve as a videorecording device, with video and photographic content capable of being stored on a "MicroSD" removable storage media such as the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M. In my training and experience, examining stored data of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device in furtherance of illegal activities.

21. During the execution of the search warrant on February 9, 2024, PCSO personnel also photographed the following "Lease Agreement" between 336 Apex, Inc. and JING ZHENG for 9 St. Albans Road, Corinna, showing a "lease term" of August 1, 2022 through July 31, 2024, for $2,000 in rent paid each month:



22. Also notable, the President, Treasurer, Clerk, and sole Director of 336 Apex, Inc. prior to its administrative dissolution, WEN HUI LI, is connected to several other individuals and properties throughout central Maine. The Maine corporate

records of 336 Apex, Inc. show that WEN HUI LI used as his address 336 Zions Hill Road, in Dexter. WEN HUI LI also owns 1056 Dover Road, in Garland, which the deed shows was acquired in January 2023. However, the 1056 Dover Road, Garland, deed lists WEN HUI LI's mailing address as 113 Cross Road, in Stetson. WEN HUI LI also registered the below vehicles to 113 Cross Road, Stetson:

| Year | Make | Model | Plate # | From | To |
|---|---|---|---|---|---|
| 2003 | Toyota | Tacoma | 3020YT | Sep-21 | Sep-22 |
| 2009 | Ford | E-250 | 9992YL | Jun-21 | Jun-22 |
| 2004 | Toyota | Sienna | 7763ZB | Apr-22 | Apr-24 |
| 2010 | Honda | Odyssey | 9991YL | Jun-21 | Jun-24 |

A different Maine business entity established in November 2020, 113 Apple, Inc., owns 113 Cross Road, Stetson, which it purchased in January 2021. I have reviewed CMP's January 2024 usage and billing data for 1056 Dover Road, Garland, and 113 Cross Road, Stetson. In January 2024, the 1056 Dover Road, Garland, property used 9,275kWh of electricity for which $2,126.49 was billed. In January 2024, the 113 Cross Road, Stetson, property used a combined 28,966kWh of electricity for which $6,692.17 was billed. WEN HUI LI is shown by CMP records as being the electricity account holder for both 1056 Dover Road, Garland, and 113 Cross Road, Stetson.

* * * * *

23. Based on the foregoing facts, there is probable cause to believe that evidence of violations of 21 U.S.C. § 856 (Drug-Involved Premises) and 18 U.S.C. §§ 1956-57 (Money Laundering) exists as information available to be searched and seized.

24. As detailed above, information contained in the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M may provide evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the Government to establish and prove each element or alternatively, to exclude the

innocent from further suspicion. In my training and experience, captured video and images and other data collected by products about the surrounding environment can be evidence of who was present at a particular physical location at a relevant time. This geographic and timeline information may tend to either inculpate or exculpate those connected to the crime.

25. Based on the information above, the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M is likely to contain the types of material described above, including stored video and photographic content and information concerning the illegal marijuana grow at 9 St. Albans Road, Corinna, Maine. In my training and experience, such information may constitute evidence of the crimes under investigation.

26. For example, the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M and digital camera device were located at a premises actively engaged in large-scale illegal marijuana cultivation. I know from my training and experience, as well as from information provided to me by other experienced federal and state drug investigators, that such extensive marijuana cultivation operations are complex and often require outside coordination provided by multiple involved individuals, rather than a single grower.

27. Therefore, the grow operation at 9 St. Albans, Corinna, likely required outside coordination and communication with other participants or co-conspirators, including those associated with other possible illegal marijuana grows in central Maine. I believe that stored video and photographic content and information associated with the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M will show the identities and conduct of participants or co-conspirators concerning the illegal grow operations.

28. Specifically, the illegal grow operations at issue required labor, supplies, and transportation in connection with the cultivation, harvesting, processing, and distribution of the marijuana. I believe that stored content and information associated with the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M will show such activities. In particular, I believe that such content will show either video recordings or photographs of the participants in the illegal activity, potentially including WEN HUI LI (the owner), QIAOBIN YANG (the power records subscriber), JING ZHENG (the lessee), and other associated employees, agents, laborers, and individuals known and unknown.

29. Finally, given the for-profit nature of illegal marijuana cultivation, and the likelihood that illicit proceeds were generated from such activities, I believe that stored content and information associated with the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M relevant to the monetary proceeds of the marijuana enterprise may also be present and subject to search and seizure.

30. Based on my knowledge, training, and experience, I know that electronic devices and storage media such as the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M, can store information for long periods of time.

31. This application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M, was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M because data on the storage medium can provide evidence of a file that was once on the

storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Forensic evidence can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

32. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether stored data is evidence may depend on other information stored on the media. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

## CONCLUSION

33. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M, consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the

device to human inspection in order to determine whether it is evidence described by the warrant.

34. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

35. Therefore, I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the SanDisk 64GB ImageMate Memory Card, Serial Number 1186AXD2143M, as described in **Attachment A**, to seek the items described in **Attachment B**.

Daniel Zaehringer
HSI Special Agent

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedure

Date: Feb 26 2024

City and state: Bangor, ME

John C Nivison U.S. Magistrate Judge
*Printed name and title*